FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2019 JUL -9 PM 2: 09
CLERK J. Hodge
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | | |
|---|---|---|
| OWNERS INSURANCE COMPANY, | * | |
| Plaintiff, | * | |
| v. | * | CV 318-037 |
| HARPER BUILT, LLC; HARPER BUILT CONSTRUCTION, LLC; R. TODD INGRAM; HOLLY L. INGRAM; CAPITAL CITY BANK; H.B. CONCRETE CONTRACTORS, LLC; WELLS PLUMBING, LLC; CAMP CREEK FURNISHINGS, LLC; GARCIA CONSTRUCTION & LAWN SERVICE, LLC; BILL YOUNG, d/b/a BILL YOUNG ROOFING; and BOOKER T. THOMAS, d/b/a THOMAS INTERIOR DRYWALL, | * | |
| Defendants. | * | |

**FINAL JUDGMENT**

In this declaratory judgment action, Plaintiff Owners Insurance Company filed a motion for summary judgment (doc. no. 49) seeking a declaration that it has no duty to defend or indemnify Defendants Harper Built, LLC and Harper Built Construction, LLC (collectively, the "Harper Entities") under Owners' insurance policy number 102318-48359403-15 (the "Policy") with respect to the lawsuit filed by R. Todd Ingram and Holly L. Ingram in the Superior Court of Laurens County, Georgia (the

"Underlying Lawsuit"). No Defendant filed a response in opposition to Owners' motion for summary judgment.

On May 1, 2019, the Court entered a Consent Order between Owners and the Harper Entities that granted Owners' motion for summary judgment. (Doc. No. 57.) The May 1st Consent Order noted that Defendant Capital City Bank did not consent to the Consent Order, and all remaining Defendants were in default. On May 3rd, Capital City Bank filed a motion to amend the Consent Order arguing the scope of the language rendered it an improper advisory opinion. (Doc. No. 58.) Owners opposed that motion under the theory that a controversy existed between it and the Bank and, therefore, the Consent Order was properly entered. (See Doc. No. 59.) On June 6th, the Court denied the motion to amend but added one paragraph to the Consent Order clarifying Capital City Bank's position relative to the Consent Order. (Doc. No. 61.)

The June 6th Order further instructed the parties to advise the Court of what claims remained in this case. The Court cautioned that "[f]ailure to do so will result in the dismissal of any remaining claims in this action." (Id. at 2.) The only party to timely respond was Owners. (Doc. No. 62.) Owners asserts there are no remaining claims in this case and that it is not aware of any claims made by Capital City Bank in the Underlying Lawsuit. Capital City Bank did not file any response to the June 6th Order.

Because it appears all claims in this case have been resolved, the Court finds it appropriate to enter judgment. In accordance with the May 1st Consent Order, as amended by the Court's Order of June 6th, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

- (a) That Judgment is **ENTERED** in favor of Plaintiff Owners Insurance Company and against Defendants Harper Built, LLC and Harper Built Construction, LLC;
- (b) Owners has no duty to defend the Harper Entities under the Policy with respect to the Underlying Lawsuit;
- (c) Owners has no duty to indemnify the Harper Entities under the Policy with respect to any claims that were brought or that could have been brought in the Underlying Lawsuit;
- (d) None of the parties to the Underlying Lawsuit are entitled to any payments whatsoever under the Policy with respect to any claims that were brought or that could have been brought in the Underlying Lawsuit;
- (e) Each party shall bear its own costs;
- (f) Nothing contained in the May 1st Consent Order shall be construed or interpreted to affect any right, title, interest, claim, or defense which may be made by Capital City Bank in any proceeding between Capital City Bank and Owners or the Harper Entities; and

3

(g) Any remaining claims in this case are hereby **DISMISSED WITHOUT PREJUDICE.**

The Clerk is directed to **TERMINATE** all deadlines and motions and **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this 9th day of July, 2019.

_____
UNITED STATES DISTRICT JUDGE